Thomas M. Kerr (State Bar No. 241530)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
E-mail: tom.kerr@hro.com

Attorney for Plaintiffs
CAPITOL RECORDS, LLC; WARNER BROS.
RECORDS INC.; UMG RECORDINGS, INC.;
and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>          Plaintiffs,<br>  v.<br><br>RUDY ELIZABETH LEE,<br><br>          Defendant. | Case No. 5:08-cv-04353-HRL<br><br>Honorable Howard R. Lloyd<br><br>**PLAINTIFFS'** *EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for April 14, 2009, at 1:30 p.m., to July 14, 2009. Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant Ruby Elizabeth Lee ("Defendant") with the Summons and First Amended Complaint. As further explained below, Plaintiffs have not yet been successful in serving Defendant, despite several attempts, and therefore no case management conference is necessary at this time. In support of their request, Plaintiffs state as follows:

1. The initial case management conference is currently scheduled for April 14, 2009, at 1:30 pm. The current deadline for service of process is April 15, 2009. One previous continuance and extension has been requested and granted in this case.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe on September 17, 2008. Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP"). Accordingly, in order to determine Defendant's true name and identity, Plaintiffs filed their Application for Leave to Take Immediate Discovery, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

3. The Court entered an Order for Leave to take Immediate Discovery on October 7, 2008, which was promptly served upon the ISP along with a Rule 45 subpoena. The ISP responded on December 16, 2008 and named Ruby Elizabeth Lee as the infringer.

4. Plaintiffs were unable to reach a settlement with the Defendant and filed their First Amended Complaint on March 16, 2009. Since that time, despite Plaintiffs' best efforts, they have been unable to effectuate proper service on the Defendant. Specifically, Plaintiffs' process server has attempted service at least two times on the address provided by Defendant's ISP, however that address appears to no longer be valid for Defendant. Accordingly, Plaintiffs are continuing their efforts to serve the Defendant but require additional time to effectuate service.

5. Additionally, on March 26, 2009, Plaintiffs' settlement representatives contacted Defendant on her cell phone, in order to discuss service and settlement of the case. Defendant refused to accept service or provide her current address.

6. Given the foregoing circumstances, and because Defendant has not been properly served, Plaintiffs request that the currently scheduled case management conference be continued to July 14, 2009, or such other date as the Court find convenient.

7. Plaintiffs also request an additional 90 days to effectuate service.

8. Plaintiffs submit that their efforts to serve the Defendant and give her time to Answer the Complaint constitute good cause under Rule 4(m) for any delay in perfecting service. *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP, a process which has provided very little time for Plaintiffs to effectuate service. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2008, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to Defendant from any delay in serving the Complaint.

Dated: April 6, 2009                            HOLME ROBERTS & OWEN LLP

                                                             By:       */s/ Thomas M. Kerr*
                                                                        THOMAS M. KERR
                                                                        Attorneys for Plaintiffs

1

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for April 14, 2009, at 1:30 p.m. be continued to July 14, 2009.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and First Amended Complaint on Defendant be extended until ninety (90) days from the date of this Order.

Dated: 4/10/09          By: _____
                            Honorable Howard R. Lloyd
                            United States District Judge